An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

KAREL P. DE ROO,
Appellant,
vs.
MICHELLE F. DE ROO,
Respondent.

No. 60272

**FILED**

FEB 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a fast track appeal from a post-divorce decree district court order modifying child custody. Second Judicial District Court, Washoe County; Bridget Robb Peck, Judge.

The parties filed a joint petition for divorce in the Second Judicial District Court, and a divorce decree was entered on January 2, 2007. The decree awarded the parties joint physical and legal custody of their minor child. The parties executed a series of "addenda" to the divorce decree setting custody and visitation arrangements. In August 2008, the parties entered into a stipulation modifying the divorce decree, which the court approved and adopted as an order. The August 2008 stipulation granted primary physical custody of the child to appellant and permitted appellant to take the child out of the United States to Portugal. In October 1, 2008, the parties signed a "divorce decree addendum," which again modified the parties' custodial arrangement. The October 2008 addendum specified that if no further addendums were executed, the custody arrangement would return to the original visitation arrangement ordered in the divorce decree. No further addendums were executed.

On June 4, 2011, appellant picked up the minor child to begin his custodial time. Appellant then took the minor child to Portugal, with

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04977

the intent to remain with the child in Portugal. Appellant also sent several disparaging letters to respondent's family and friends, expressing his intention to permanently remove the child from respondent and to live in Portugal. When respondent discovered that appellant had taken their child to Portugal, she filed several motions in the district court seeking the return of the child. Appellant initially refused to return the child, and when respondent travelled to Portugal in an attempt to visit with the child, appellant would not permit her see the child. Eventually appellant returned the child to Nevada. The district court held a hearing on respondent's multiple motions, and issued an order awarding primary physical custody to respondent, setting supervised visitation for appellant, and awarding respondent attorney fees. This appeal followed.

This court has held that "[parents] are free to agree to child custody arrangements and those agreements are enforceable if they are not unconscionable, illegal, or in violation of public policy." Rivero v. Rivero, 125 Nev. 410, 429, 216 P.3d 213, 227 (2009). A written post-decree agreement between two parents setting a visitation arrangement over the course of several months is an enforceable agreement. Id. A provision stating that at the end of the specified period, the visitation arrangement will return to the original arrangement outlined in the divorce decree is also enforceable.[1] See id. Settlement agreements in divorce cases are in

---

[1]Appellant argues that the August 2008 stipulation and order is the controlling document governing custody because it is a final order entitled to preclusive effect under Rennels v. Rennels, 127 Nev. ___, 257 P.3d 396 (2011). We disagree. Rennels concerns stipulated visitation of nonparents, id. at ___, 257 P.3d at 397, and appellant's reliance on Rennels for the proposition that the August 2008 stipulation granted
*continued on next page . . .*

SUPREME COURT
OF
NEVADA

(O) 1947A

the nature of contract law, and subject to de novo review by the supreme court. See Mack v. Estate of Mack, 125 Nev. 80, 95, 206 P.3d 98, 108 (2009).

Here, the district court concluded that the parties entered into a series of post-decree agreements modifying visitation and custody. The district court concluded that the most recent agreement was the October 2008 addendum, which provided that at the end of the period specified in the addendum, the visitation arrangement would return to the original arrangement set forth in the 2007 divorce decree. On our de novo review, we agree with the district court's interpretation.[2] Id. The 2007 decree provided that custody and visitation could be modified by written agreement. The August 2008 stipulation left that provision in place. Thus, we conclude that the October 2008 addendum was an effective modification under the express terms of the divorce decree. We note that the October 2008 addendum specifically references the "original" custody arrangement outlined in the divorce decree, and does not reference the August 2008 stipulation. As no further addendum or stipulation was reached, we conclude that the parents shared joint physical and joint legal

---

. . . continued

rights that were unaltered by the subsequent October 2008 addendum is misplaced.

[2]The district court also concluded that if there was an ambiguity as to whether the visitation arrangement would return to the original 2007 divorce decree arrangement or the modified 2008 stipulation arrangement, that ambiguity would be resolved against appellant as the drafter of the addendum.

 

custody pursuant to the 2007 divorce decree, negating the provisions of the August 2008 stipulation that permitted appellant to relocate the child. Thus, we agree with the district court's conclusion that appellant could not relocate the child outside of Nevada in 2011, and consequently violated respondent's custodial rights by wrongfully removing the child from Nevada to Portugal. NRS 125.510(2); Potter v. Potter, 121 Nev. 613, 618, 199 P.3d 1246, 1249 (2005) (holding that a parent sharing joint physical custody must seek relocation through NRS 125.510(2)). Thus, we affirm the district court's order compelling the minor child's return to Nevada.

Appellant next argues that even if the district court order requiring the child's return was proper, the district court abused its discretion by awarding primary physical custody to respondent and limiting appellant to supervised visitation. We disagree. The district court found, and the record supports, that appellant took the minor child to Portugal without informing respondent of his intentions. The district court found that the letters appellant sent to respondent's family and friends evidenced an intent to deprive appellant of a relationship with the parties' child. Additionally, appellant failed to return the child to Nevada despite several orders to do so, and the district court found that appellant hid the child from respondent when respondent attempted to visit her in Portugal. Consequently, we perceive no abuse of discretion in the district court's determination that circumstances had materially changed and that supervised visitation was in the best interest of the minor child under Ellis v. Carucci, 123 Nev. 145, 161 P.3d 239 (2007), and Truax v. Truax, 110 Nev. 437, 874 P.2d 10 (1994). See NRS 125.480(4)(c), (l).

Additionally, appellant argues that the district court erroneously awarded attorney fees under NRS 18.010(2)(b) for

 

maintaining an unreasonable claim. We note that attorney fees have not actually been awarded, and the issue is not properly before this court.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Bridget Robb Peck, District Judge
      Shawn B. Meador, Settlement Judge
      Richard F. Cornell
      Silverman, Decaria & Kattelman, Chtd.
      Washoe District Court Clerk

---

[3]We have considered appellant's remaining arguments and conclude that none warrant reversal.

We have determined that this fast track appeal should be submitted for decision on the fast track appeal statement and response without oral argument. See NRAP 34(f)(1).